# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN RODRIGUEZ-ZIESE,<br>　　Plaintiff,<br>v.<br>VICKI HENNESSY,<br>　　Defendant. | Case No. 17-cv-06473-BLF<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; VACATING HEARING ON PETITION SET FOR DECEMBER 7, 2017 AT 2:00 P.M.** |

Petitioner Christian Rodriguez-Ziese ("Petitioner") has filed an Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* ECF 10 ("Amended Petition"). Petitioner argues that his pre-trial detention in jail in San Francisco is unconstitutional because the state trial court required an unattainable $200,000 secured financial condition of release without making any inquiry into his ability to pay or considering any alternative, non-financial conditions of release. *Id.* ¶ 13; ECF 10-1 ("Mem.") at 4. Petitioner has exhausted his state court remedies and requests that this Court issue an emergency writ of habeas corpus unless the state procures a constitutionally valid order of pretrial detention. *See* Mem. at 23.

The Court set an expedited briefing schedule, ECF 11, and Respondent Vicki Hennessy ("Respondent"), represented by the Office of the Attorney General of California, agreed that

Petitioner did not receive constitutionally adequate process during the setting of bail, and that this petition for writ of habeas corpus should be granted. *See* ECF 14 ("Answer"). Petitioner filed a traverse only to "urge this Court to issue an opinion on the merits of his case" to provide guidance concerning the constitutional requirements of pretrial detention. *See* ECF 15 ("Traverse").

For the reasons that follow, the Court GRANTS the petition for a writ of habeas corpus but STAYS this Order **until and including December 8, 2017** to allow the state superior court to conduct a constitutionally adequate bail hearing. The hearing on the petition in this Court set for December 7, 2017 at 2:00 P.M. is hereby VACATED.

## I. BACKGROUND

Petitioner was arrested in San Francisco on April 16, 2017, and charged with two counts of carjacking with a firearm in violation of California Penal Code § 215(a), two counts of unlawful driving or taking of a vehicle under California Vehicle Code § 10851(a), and one count of receiving stolen property, motor vehicle, under California Penal Code § 469d(a). Amended Petition ¶ 11. At arraignment, the state court determined that Petitioner was unable to afford his own counsel and appointed the public defender. *Id*. ¶ 12. Petitioner requested release without financial conditions, or, in the alternative $100,000 money bail. *Id*. ¶ 12. The superior court denied Petitioner's request and required a $200,000 secured financial condition of release. *Id*. ¶ 13. Petitioner argues that the court's statement that it was not willing to release Petitioner "based on the facts of this case," and the imposition of money bail at $200,000, was a de facto detention order because it had the intent and effect of detaining Petitioner due to his inability to pay the amount required for his release. *Id*. Petitioner renewed his motion for release, and the state court held a hearing on July 24, 2017. *Id.* ¶ 15. Petitioner's motion was again denied. The court stated that it would not disturb bail, which was appropriate "based upon community safety" and because the amount is a "scheduled bail for the City and County of San Francisco." *Id*. ¶ 16.

Petitioner unsuccessfully appealed this condition of his release to the California Court of Appeal, which summarily denied his petition on August 24, 2017. *Id*. ¶ 17. Petitioner then filed a petition for review in the Supreme Court of California raising the same claims. *Id*. ¶ 18. The Attorney General of California, representing Respondent, filed an Answer to the petition in the

Supreme Court of California stating that Respondent "does not defend the magistrate's decision in this case." ECF 1-4 at 6. Nevertheless, on November 1, 2017 the Supreme Court of California summarily denied review of the petition. *See* ECF 1-5.

On November 7, 2017, Petitioner filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which was reassigned to this Court. After this Court issued an Order to Show Cause, ECF 9, Petitioner submitted an Amended Petition and requested an expedited briefing schedule. The petition is fully briefed, and the Court now GRANTS the petition.

## II. LEGAL STANDARD

Because Petitioner has not been convicted of a crime and is not in custody "pursuant to the judgment of a state court," Petitioner correctly brings this Petition under 28 U.S.C. § 2241 and not § 2254 which governs challenges to criminal convictions in state court. Pursuant to § 2241(c)(1), the writ of habeas corpus extends to a prisoner who is "in custody under or by color of the authority of the United States." It is § 2241 that provides generally for the granting of writs of habeas corpus by federal courts, implementing "the general grant of habeas authority provided by the Constitution." *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (citing *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir.), *cert. denied,* 543 U.S. 991 (2004)).

## III. DISCUSSION

Petitioner challenges the constitutionality of his pre-trial detention on the grounds that the state trial court required an unattainable secured financial condition of pretrial release without making any inquiry into his ability to pay or considering alternative, non-financial conditions of release. *See* Mem. at 4. Respondent concedes that Petitioner did not receive constitutionally adequate process at his bail hearing, as bail was set without any factual finding that the financial condition was one that Petitioner could afford, or any consideration of alternative, non-financial conditions of release. Answer at 2.

In *United States v. Salerno*, the Supreme Court recognized that although an individual has a "strong interest in liberty" that is important and fundamental in nature, "this right may, in circumstances where the government's interest is sufficiently weighty, be subordinated to the

greater needs of society." 481 U.S. 739, 750-51 (1987). *Salerno* upheld the constitutionality of the Bail Reform Act under the Fifth Amendment's Due Process Clause and the Eighth Amendment's Excessive Bail Clause. *Id*. at 752. The Court applied heightened scrutiny due to the statute's implication of a fundamental right. *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014) ("If there was any doubt about the level of scrutiny applied in *Salerno,* it has been resolved in subsequent Supreme Court decisions, which have confirmed that *Salerno* involved a fundamental liberty interest and applied heightened scrutiny.") Thus, any deprivation of that fundamental liberty interest must be narrowly tailored to advance a compelling government interest. Although liberty is the norm in our society, the Supreme Court explained that "detention prior to trial or without trial is the carefully limited exception" and the Bail Reform Act's provisions regarding pretrial detention fall within that exception due to its numerous procedural safeguards. 481 U.S. at 755.

California law, too, provides for certain procedural safeguards governing the setting of bail that Petitioner was entitled to at his bail hearing. Specifically, Penal Code section 1270.1(c) mandates that the court making the bail determination consider "any evidence offered by the detained person regarding his or her ties to the community and his or her ability to post bond." The magistrate must also make a record of the reasons for decision if bail is set "in an amount that is either more or less than the amount contained in the schedule of bail for the offense." Penal Code section 1270.1(d).

The record in this case clearly shows that the magistrate failed to consider Petitioner's ability to pay the bail amount, and the magistrate did not consider whether nonmonetary alternatives could serve the same purposes as the financial condition of release. Therefore, this Court finds that as conducted, the hearing was inconsistent with section 1270.1(c), and further it does not withstand the heightened scrutiny required by *Salerno* in order to deprive Petitioner of his liberty. Respondent agrees that the setting of bail in this case was constitutionally inadequate, and that "the federal Constitution does not permit detaining a defendant before trial solely because that defendant cannot afford to post a set amount of money bail." *See* Answer at 2-3.

Although the Parties agree that Petitioner's bail hearing was constitutionally inadequate in

4

this case, they appear to disagree as to the appropriate procedural safeguards required to obtain a constitutionally valid pre-trial detention order. According to Petitioner, *Salerno* and subsequent cases make clear that before detaining an individual, the government must provide a full-blown adversarial hearing with counsel, notice and an opportunity to be heard concerning the legal and factual questions involving danger, a heightened evidentiary standard, and findings on the record by a neutral decision-maker. *See* Mem. at 22. Respondent does not address these requirements, but expresses her view that (1) California law permits pretrial detention if a court determines, subject to appropriate procedural safeguards, that no reasonably available conditions of release will be sufficient to satisfy the public interests in protecting public safety and ensuring appearance (citing California Constitution Article I, §§ 12, 28(f)(3)); and (2) under the federal Constitution, a defendant may not be detained before trial solely because that defendant cannot afford a set amount of money bail. *See* Answer at 2-3.

Petitioner asks this Court to expressly describe the procedural safeguards required for a constitutionally permissible bail hearing, but the Court declines Petitioner's invitation to issue an advisory opinion to the state trial court. In order to grant the writ requested in this instance, the Court need only determine that the procedures received by Petitioner at the challenged bail hearing were constitutionally inadequate. As Respondent concedes the constitutional inadequacy of the state court's procedures at that hearing, the Court's inquiry is straightforward.

As explained above, the Court finds that the state court did not provide a constitutionally adequate basis on which to detain Petitioner because it failed to consider Petitioner's ability to pay in conjunction with non-monetary alternative conditions of release. Therefore, a writ of habeas corpus shall issue ordering Petitioner's release unless the state procures a valid order of pretrial detention that is "narrowly tailored to serve a compelling state interest." *Lopez-Valenzuela*, 770 F.3d at 780. At a minimum, the state court's determination shall consider alternatives to detention, including release on constitutionally permissible conditions, that could reasonably satisfy the state's interest in ensuring public safety and Petitioner's presence at trial. *See Reem v. Hennessy*, Case No. 17-cv-6628, Order Denying Motion to Dismiss and Granting Petition for Habeas Corpus, ECF 13-1.

The Petition for Writ of Habeas Corpus is GRANTED.  However, this Order is STAYED **until and including December 8, 2017** to allow for the superior court to conduct an evidentiary hearing to consider appropriate bail, detention, or release under the circumstances of Petitioner's case as outlined above, and to make a determination as to whether its detention of Rodriguez-Ziese is "narrowly tailored to serve a compelling state interest." *Lopez-Valenzuela*, 770 F.3d at 780.

**IT IS SO ORDERED.**

Dated: December 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge