**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTIAN RODRIGUEZ-ZIESE, <br> Petitioner, <br> v. <br> VICKI HENNESSY, <br> Respondent. | Case No. 17-cv-06473-BLF <br><br> **ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY OF COURT'S DECEMBER 6, 2017 ORDER GRANTING WRIT OF HABEAS CORPUS; IMPOSING NEW STAY UNTIL AND INCLUDING FEBRUARY 20, 2018** |

Before the Court is Petitioner Christian Rodriguez-Ziese's ("Petitioner") motion to lift the stay of this Court's December 6, 2017 Order Granting the Petition for Writ of Habeas Corpus. *See* ECF 18 ("Mot."). Petitioner argues that after two hearings, the state court has failed to provide a bail hearing that meets basic minimum constitutional standards. Thus, he requests that the Court lift its stay and require Petitioner's release from custody until the state obtains a valid order of pretrial detention.

Respondent Vicki Hennessy ("Respondent") agrees in part with Petitioner's motion, but requests the Court to stay the grant of the writ of habeas corpus to permit a more appropriate remedy than unconditional release. *See* ECF 21 ("Opp'n"). Petitioner did not file a response to Respondent's request as permitted by the briefing schedule. For the reasons that follow, the Court GRANTS Petitioner's motion to lift the stay of the Court's December 6, 2017 Order granting his petition for writ of habeas corpus. However, the Court STAYS this Order until and including **February 20, 2018** to permit the state court to conduct a hearing to consider and impose appropriate non-monetary conditions on Petitioner's pretrial release.

**I.     PROCEDURAL BACKGROUND**

The facts of this case are familiar to the parties and the Court and are set forth in this Court's Order Granting Petition for Writ of Habeas Corpus. *See* ECF 16. Petitioner is a defendant in a pending state criminal case who has been detained since his arrest on April 16, 2017. On December 6, 2017, this Court granted Petitioner's request for a writ of habeas corpus, but stayed the order until December 8, 2017 to afford the state an opportunity to conduct a constitutionally adequate bail hearing. *Id*. at 6.[1] In response to this Court's Order, the state convened another bail hearing for Petitioner on December 8, 2017. *See* Mot. at 3. The prosecutor requested to detain Petitioner under article I, section 28 of the California Constitution, or, in the alternative, under article I, section 12. *Id*. Defense counsel opposed pretrial detention, pointing to Petitioner's strong ties to the community including his employment and his 10-year-old daughter. *See* Mot. at 3. The state court declined to issue a detention order under section 12 or 28, but instead decided to leave money bail as previously set at $200,000. *Id*. at 4.

The state court announced that pursuant to California Penal Code section 1275(c), it could not deviate from the predetermined bail schedule absent unusual circumstances, and found that no unusual circumstances warranted departure in this case. *Id*. at 4. At one point during the hearing, the state court announced that $190,000 money bail was appropriate, but when the clerk informed the judge that money bail had previously been set at $200,000, the judge then declared that the amount would be $200,000. *Id*. at 5. The state court also stated that non-monetary conditions of release were not sufficient to address public safety and flight risk concerns. *Id*. For example, the court found that Petitioner is charged with carjacking with a gun, after pointing a gun at the victim's head and threatening to shoot the victim if he did not walk away. *See* Opp'n at 2. Petitioner faces a sentence of 19 years in prison if convicted, and he was on probation for misdemeanor grand theft at the time that he committed the offense. *Id*. at 2-3.

On December 15, 2017, defense counsel filed a motion for reconsideration, which was heard on December 20, 2017. Mot. at 5. The state court heard evidence of new developments,

---

[1] With respect to the original petition for writ of habeas corpus, Respondent conceded that the state court's bail setting in Petitioner's case was unconstitutional. *See* ECF 16 at 3.

2

1  such as Petitioner's admission to a sober living environment with a strict curfew, and Petitioner's
2  approval for electronic monitoring. *Id*. The defense argued that Petitioner should be released
3  subject to these non-monetary conditions, as they were sufficient to address the court's concerns
4  about flight risk. *Id*. In denying Petitioner's motion for reconsideration, the state court found that
5  these were not "changed circumstances," that Petitioner remained a threat to public safety and a
6  flight risk, and that non-monetary conditions of release were insufficient to address the court's
7  concerns. *Id*. at 5-6.

## II. DISCUSSION

Petitioner moves this Court to lift its previously imposed stay of its Order Granting Petition for Writ of Habeas Corpus because the state court has repeatedly failed to provide Petitioner with a constitutionally adequate bail hearing. *See generally* Mot. Specifically, Petitioner argues that the state court applied an unconstitutional legal standard in imposing a secured financial condition of release, and the monetary condition of release imposed was not narrowly tailored to serve a compelling interest. *Id*. at 6-11. Petitioner further argues that the state court did not, but should have, applied a "clear and convincing" evidentiary standard to its determination that Petitioner was a flight risk, and that this correct evidentiary standard was not met. *Id*. at 15.

Respondent concedes, as before, that the Constitution does not permit detaining a defendant before trial solely because that defendant cannot afford to post a set amount of money bail. Opp'n at 3. Because the state court imposed money bail in an amount that Petitioner cannot afford, Respondent agrees that the setting of bail was constitutionally inadequate. *Id*. The Court finds that the state court constitutionally erred by imposing unaffordable bail, and that Petitioner is entitled to relief on that basis. The Court therefore does not reach Petitioner's additional grounds for relief, such as the proper evidentiary standard required for a pretrial detention decision under the Constitution.[2]

---

[2] Although Respondent concedes the constitutional inadequacy of the state court's setting of bail in this case, she expressly disagrees with Petitioner's contention that "clear and convincing" evidence is the required evidentiary standard for a pretrial detention order. Opp'n at 1 n.1.

3

Rather than order Petitioner's immediate release from custody, Respondent requests that the Court provide the state court with an opportunity to impose non-monetary conditions of release in order to mitigate the public safety and flight risk posed by Petitioner. *Id*. For example, Respondent points to the sober living arrangement and electronic monitoring conditions that Petitioner previously requested the state court to impose instead of bail at the December 20, 2017 hearing on Petitioner's motion for reconsideration. *Id*. Respondent represents that Petitioner does not oppose a limited stay of the grant of his petition to allow the state court the opportunity to consider and impose non-monetary conditions on his release. *Id*. at 4. Petitioner did not file a reply brief within the allowable time, and thus the Court presumes that Petitioner has no objection to a limited stay to permit the state court to consider and impose appropriate *non-monetary* conditions on his release pending trial.

For the foregoing reasons, the Court GRANTS Petitioner's motion to lift the stay of this Court's December 6, 2017 Order Granting Petition for Writ of Habeas Corpus, but STAYS this Order until and including **February 20, 2018** to allow the state court the opportunity to consider and impose appropriate non-monetary conditions of release.

**IT IS SO ORDERED.**

Dated: February 14, 2018

BETH LABSON FREEMAN
United States District Judge